1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

WILLIAM MCKOBY,

CASE NO. C22-1461JLR

11

　　　　　　　　　Plaintiff,

ORDER DISMISSING ACTION
UNDER 28 U.S.C. § 1915(e)(2)(B)

　　v.

12
13

JOSEPH R. BIDEN, JR.,

14

　　　　　　　　　Defendant.

15

## I.　　INTRODUCTION

16
17

Before the court are (1) *pro se* Plaintiff William McKoby's complaint against

President Joseph R. Biden, Jr. (Compl. (Dkt. # 5)[1]) and (2) Magistrate Judge Brian A.

18

Tsuchida's order granting Mr. Hudson's application to proceed *in forma pauperis* ("IFP")

19

and recommending that the court review his complaint pursuant to 28 U.S.C.

20
21

_____

[1] Mr. McKoby states that he is also bringing his complaint on behalf of "W.T.P." or "We
the People," which the court understands to refer to the people of the United States in general.
(*See, e.g.*, *id.* ¶ 4.2.)

22

ORDER - 1

1   § 1915(e)(2)(B) (IFP Order (Dkt. # 4)).  Under 28 U.S.C. § 1915(e), district courts have

2   authority to review IFP complaints and must dismiss them if "at any time" it is

3   determined that a complaint fails to state a claim on which relief may be granted.  28

4   U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127

5   (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those

6   filed by prisoners).  The court has considered Mr. McKoby's complaint and the

7   governing law.  Being fully advised, the court DISMISSES Mr. McKoby's complaint

8   without prejudice and with leave to amend.

9                          **II.    BACKGROUND**

10          Mr. McKoby alleges on behalf of himself and W.T.P. that President Biden has

11   committed misprision of treason in violation of 18 U.S.C. § 2382, which provides:

12          Whoever, owing allegiance to the United States and having knowledge of
           the commission of any treason against them, conceals and does not, as soon
13          as may be, disclose and make known the same to the President or to some
           judge of the United States, or to the governor or to some judge or justice of
14          a particular State, is guilty of misprision of treason and shall be fined under
           this title or imprisoned not more than seven years, or both.
15
    18 U.S.C. § 2382; (Compl. ¶ 1.1).  He includes three nearly incomprehensible "counts"
16
    which, as best the court can discern, appear to state Mr. McKoby's alleged bases for his
17
    claim that President Biden committed misprision of treason.  (*Id.* ¶¶ 2.1-4.2.)  In these
18
    "counts," Mr. McKoby quotes various criminal statutes and constitutional provisions, but
19
    makes few intelligible factual allegations.  (*See id.*)  He alleges that "foreign bankers and
20
    Congress executed TREASON"; that the Federal Reserve Bank and the Internal Revenue
21
    Service "are private Corporations designed to fleece AMERICA"; and that he is filing a
22

petition for a federal writ of habeas corpus "against violation of all people's supreme

federal constitutional rights."  (*Id.* ¶¶ 4.1-4.2.)  He seeks $1,000,000,000 "in gold and

silver coin" as relief.  (*Id.* at 1.)

### III.    ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed

IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action

fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Dismissal for failure to state a claim is

proper when there is either a "lack of a cognizable legal theory or the absence of

sufficient facts alleged." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).  Because Mr. McKoby is a *pro se* plaintiff, the court must construe his pleadings

liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, his

complaint must still contain factual allegations "enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court

need not accept as true a legal conclusion presented as a factual allegation.  *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).  Although the pleading standard announced by Federal

Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more

than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citing

*Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a) (requiring a pleading to

"contain . . . a short and plain statement of the grounds for the court's jurisdiction," and

"a short and plain statement of the claim showing that the pleader is entitled to relief").

1    As a threshold matter, Mr. McKoby does not appear to allege an injury-in-fact

2 sufficient to establish his standing to bring this lawsuit.  *See Clapper v. Amnesty Int'l*

3 *USA*, 568 U.S. 398, 409 (2013) (requiring a plaintiff to demonstrate that his or her injury

4 is "concrete, particularized, and actual or imminent; fairly traceable to the challenged

5 action; and redressable by a favorable ruling.").  Rather, Mr. McKoby's asserted harms, if

6 any, appear to be "'generalized grievance[s]' shared in substantially equal measure by all

7 or a large class of citizens" and therefore insufficient to warrant the court's exercise of

8 jurisdiction.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Because Mr. McKoby has failed

9 to sufficiently allege that he has standing to bring this complaint, the court must dismiss it

10 under 28 U.S.C. § 1915(e)(2)(B).

11    Even if Mr. McKoby had sufficiently alleged that he has standing to bring his

12 claims, the court nevertheless concludes that his complaint fails to contain a cognizable

13 legal theory or factual allegations sufficient to raise any right to relief above the

14 speculative level.  *Twombley*, 550 U.S. at 555.  First, although Mr. McKoby appears to be

15 aggrieved by actions by President Biden, President Franklin D. Roosevelt, the Federal

16 Reserve Bank, the Internal Revenue Service, Senator Charles Schumer, and

17 Representative Nancy Pelosi (*see generally* Compl.), the court cannot discern from the

18 complaint the specific conduct on which Mr. McKoby's claim is based.  Second, no

19 private right of action exists to enforce criminal statutes such as 18 U.S.C. § 2382.  *See*

20 *Kapu v. Att'y Gen., Hawaii*, No. CV 17-00213 DKW-RLP, 2017 WL 2115812, at *5 (D.

21 Haw. May 15, 2017) (dismissing purported claim for misprision of treason under 28

22 U.S.C. § 1915 for failure to state a claim).  And third, to the extent Mr. McKoby claims

1    that he is entitled to a writ of habeas corpus, he has not alleged that he is currently held in

2    state or federal custody in violation of the United States Constitution or federal law.  *See*

3    28 U.S.C. §§ 2254(a), 2255(a).  These deficiencies, too, justify dismissal of Mr.

4    McKoby's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

5           When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff

6    leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in

7    the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  In light of the

8    Ninth Circuit's admonition, the court GRANTS Mr. McKoby leave to file an amended

9    complaint.  If he does so, he must include short, plain statements setting forth (1) the

10   specific basis of the court's jurisdiction; (2) the constitutional or statutory right he

11   believes was violated; (3) the name of the defendant or defendants who violated that

12   right; (4) exactly what that defendant did or failed to do; (5) how the defendant's action

13   or actions are connected to the violation of his rights; and (6) the specific injury he

14   suffered as a result of that defendant's conduct.  Mr. McKoby shall file his amended

15   complaint, if any, no later than **November 7, 2022**.  If Mr. McKoby fails to timely

16   comply with this order or fails to file an amended complaint that remedies the

17   aforementioned deficiencies, the court will dismiss his complaint with prejudice and

18   without leave to amend.

19   //

20   //

21   //

22   //

ORDER - 5

# IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. McKoby's complaint (Dkt. # 5) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified herein by no later than **November 7, 2022**.

Dated this 20th day of October, 2022.

JAMES L. ROBART
United States District Judge